1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| SAN DIEGO UNIFIED PORT DISTRICT,<br><br>              Plaintiff,<br><br>v.<br><br>NORTHWESTERN NATIONAL INSURANCE COMPANY,<br><br>              Defendant. | CASE NO. 10cv1039-H (MDD)<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S SECOND MOTION FOR ENFORCEMENT OF SETTLEMENT AGREEMENT AND AWARD OF ATTORNEY'S FEES<br><br>[ECF NO. 53] |
|---|---|

Before the Court is Plaintiff's Motion for Enforcement of Settlement Agreement and Award of Attorney's Fees filed on January 16, 2015. (ECF No. 53). Defendant responded in opposition on February 2, 2015. (ECF No. 55). Plaintiff replied on February 6, 2015. (ECF No. 56). A hearing was held on February 18, 2015. As provided below, Plaintiff's Motion to Enforce the Settlement Agreement is **GRANTED**. Plaintiff's request for sanctions, however, is **DENIED WITHOUT PREJUDICE**.

Plaintiff asserts that Defendant has failed timely to pay invoices as required by the settlement agreement. In a previously filed motion,

Plaintiff sought an order compelling Defendant to abide by the terms of the settlement agreement. (ECF No. 46). Plaintiff did not seek specific enforcement of particular invoices nor make a specific monetary demand. (*Id.*). Defendant countered, at that time, that this Court lacked jurisdiction, that the motion lacked sufficient evidentiary support and that attorney's fees should not be awarded. (ECF No. 48). The Court declined to issue the order requested by Plaintiff, declined to order an award of attorney's fees and costs but ruled that it had jurisdiction to hear motions to enforce the settlement agreement. (ECF No. 52).

The instant motion renews Plaintiff's claim that Defendant has failed to make payments as required by the settlement agreement and seeks an order requiring the payment of $122,858.23 for delinquent payments as of the time of the motion. Plaintiff again seeks sanctions in form of attorney's fees. (ECF No. 53). Defendant renews its objection to the jurisdiction of the Court, and disputes the amount owed and objects to any award of sanctions. (ECF No. 55).

## Background

The underlying action was filed in the Superior Court of California, County of San Diego, and was removed by Defendant to this Court on May 14, 2010. (ECF No. 1). In essence, Plaintiff claims that Defendant failed to pay funds to Plaintiff based upon insurance contracts between the parties. (*Id.*). On July 7, 2011, the parties filed a Joint Motion to Dismiss with Prejudice and requesting that the Court retain jurisdiction over the settlement.[1] (ECF No. 41). On October 7, 2011, District Judge Marilyn L. Huff entered an Order granting the Joint Motion to Dismiss, dismissing the case with prejudice and retaining jurisdiction to enforce

---

[1] The settlement agreement also reflects the consent of the parties to have this Court hear any motions to enforce the settlement agreement. (ECF No. 46-1, Agreement ¶ 1.4).

the settlement agreement. (ECF No. 42).

As relevant to the instant dispute, the settlement agreement provides that Defendant must pay ongoing defense fees and costs in connection with certain identified lawsuits. (*See* ECF No. 46-1 Recitals ¶ B, Agreement ¶ 1.3). In particular, Defendant agreed to pay defense fees and costs in the identified lawsuits within sixty days of transmittal of invoices. (*Id.* ¶ 1.3.3). Defendant was permitted an extra thirty days to raise any issues regarding an invoice with Plaintiff but was required to make payments no later than ninety days from the date the invoice was transmitted. (*Id.*). The parties agreed and consented to the continued jurisdiction of the Court to enforce the settlement agreement. (*Id.* ¶ 1.4).

## Analysis

### 1. **Jurisdiction**

Defendant asserts that this Court lacks jurisdiction to enforce the settlement agreement. Defendant argues that despite the agreement of the parties that the Court retain such jurisdiction and its incorporation in the Order dismissing this case, the dismissal with prejudice precludes the exercise of jurisdiction. Defendant relies upon *Shapo v. Engle*, 463 F.3d 641, 643 (7th Cir. 2006), for the proposition that a district court cannot retain jurisdiction over a settlement agreement once the underlying case is dismissed with prejudice. The court of appeals in *Shapo* interpreted a Supreme Court case, *Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375 (1994), as requiring that result. In *Kokkonen*, the Court ruled that a district court does not have inherent power to retain jurisdiction over a settlement agreement in cases that are voluntarily dismissed. *Id.* at 381-82. The Court stated, however, in language not mentioned in the *Shapo* opinion that:

> The situation would be quite different if the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal—either by separate provision (such as a provision "retaining jurisdiction" over the settlement agreement) or by incorporating the terms of the settlement agreement in the order. In that event, a breach of the agreement would be a violation of the order, and ancillary jurisdiction to enforce the agreement would therefore exist.

*Id.* at 381.

In this Circuit, unlike the Seventh, courts can retain ancillary jurisdiction over settlement agreements in cases dismissed with prejudice provided that the parties consent and the retention of jurisdiction is in the Order of dismissal. *See K.C. v. Torlakson,* 762 F. 3d 963, 967 (9th Cir. 2014). Accordingly, as both prongs are met here, the Court finds that it has jurisdiction to enforce the instant settlement agreement.

2. **Merits**

Plaintiff asserts that it has submitted invoices to Defendant resulting in a delinquency of $122,858.23. Plaintiff submitted a summary of those invoices as well as the declaration of counsel. (ECF Nos. 53-1, 53-2). Plaintiff asserts that Defendant did not dispute any of the invoices as required by ¶ 1.3.3 of the settlement agreement.

Defendant concedes that it did not dispute any of the invoices pursuant to ¶ 1.3.3. (ECF No. 55). Instead, Defendant asserts that failing to dispute the invoices cannot serve as a waiver of its right to contest the invoices now. (*Id.*). Defendant's position is untenable.

These are sophisticated parties with experienced and knowledgeable counsel. The settlement agreement itself recites that the agreement was the product of arm's length negotiations and that the language in all parts of the agreement "shall be construed as a whole

according to its meaning, and not strictly for or against any of the Parties." (ECF No. 46-1, ¶ 9.2).

The agreement provides that the Defendant has sixty days from the date that an invoice is transmitted from Plaintiff to pay the invoice or dispute it. If Defendant disputes all or part of an invoice, Defendant has an additional thirty days to address the dispute with Plaintiff. In any event, according to the agreement, Defendant must pay the invoice in its entirety no later than ninety days following transmittal. (ECF No. 46-1 ¶ 1.3.3). The following subparagraph, ¶ 1.4, provides for continuing jurisdiction in this Court over enforcement of the settlement agreement.

Defendant asserts that inasmuch as ¶ 1.3.3 does not provide expressly for an avenue to resolve disputes over invoices, Defendant was relieved from compliance and remains able to dispute invoices in the Court. (ECF No. 56). To the contrary, the Court finds that Defendant is bound by its agreement and must dispute invoices, and pay them in full, prior to seeking relief in the Court under ¶ 1.4. Essentially, ¶ 1.3.3 acts as a reservation of rights provision. It is instructive that the provision regarding enforcement immediately follows ¶ 1.3.3 in ¶ 1.4. The Court finds that two subparagraphs, considered together, provide for a dispute procedure and recourse to the Court to resolve the dispute. The parties could have agreed to an alternate procedure, such as having the Defendant raise a dispute and withhold payment requiring Plaintiff to bear the financial burden and seek redress. But, they did not. Instead, the agreement places the financial burden and the burden to initiate enforcement litigation on Defendant. There is nothing inherently unfair in the procedure agreed to by the parties and the Court will enforce it.

Enforcing the provision means that the Defendant cannot now

raise objections to the invoices at issue in this motion.  Allowing the Defendant to raise objections now would render ¶ 1.3.3 a nullity and defeat the clear intent of the parties.  Having chosen to ignore its obligations, Defendant must bear the consequences.  Plaintiff's Motion for Enforcement of the Settlement Agreement is **GRANTED**.  Defendant shall pay in full the delinquent invoices outstanding at the time of the filing of the instant motion.

### 3. <u>Sanctions</u>

Plaintiff requests attorney's fees in the amount of $10,972.50 reflecting 39.9 hours of attorney time, at $275 per hour, in bringing this motion.  The request, however, lacks any supporting documents or declarations.  The request is **DENIED WITHOUT PREJUDICE**.  If Plaintiff intends to seek attorney's fees in connection with this motion, it may file a properly supported motion with the Court within thirty days of the date of this Order.

### Conclusion

Plaintiff's Motion to Enforce the Settlement Agreement is **GRANTED.**  Defendant is **ORDERED** to pay the sum of $122,858.23 to Plaintiff within thirty days of the date of this Order, absent further Order of the Court or agreement of the parties.  Plaintiff's request for sanctions is **DENIED WITHOUT PREJUDICE**.  Should Plaintiff decide to seek sanctions in the form of attorney's fees, such a motion must be brought within thirty days of the date of this Order.

IT IS SO ORDERED.

DATED: February 19, 2015

Hon. Mitchell D. Dembin
U.S. Magistrate Judge